UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Daniel Lee Johnson,

Petitioner,

vs. REPORT AND RECOMMENDATION

Carol Holinka, Warden, FCI-Waseca,

Respondent. Civ. No. 04-2890 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2241. The Petitioner appears pro se, and the Respondent appears by Ann M. Anaya, Assistant United States Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

## II. Factual Background

On February 4, 1994, the Petitioner was sentenced by the United States District Court, for the Western District of Missouri, to a term of one hundred eighty-eight

(188) months imprisonment, after he had been convicted of conspiracy to distribute methamphetamine, in violation of Title 21 U.S.C. §846. The Petitioner was committed to the custody of the Federal Bureau of Prisons ("BOP"), and he is currently incarcerated at the Federal Correctional Institution, in Waseca, Minnesota ("FCI-Waseca").

The Petitioner filed a Petition for a Writ of Habeas Corpus on June 4, 2004, alleging that the BOP was calculating his term of custody in a manner that was violative of the United States Constitution. Specifically, the Petitioner asserts that the BOP's methodology for calculating his jail-time credit, under 28 C.F.R. 523.20, violates the statutory directives contained in Title 18 U.S.C. §3624, and accordingly, that he is entitled to more jail-time credit than he has been credited by the BOP. The Petitioner also contends that he is being deprived of his right to Equal Protection and Due Process under the Fifth Amendment. The Petitioner's projected release date is June 26, 2007.

On May 21, 2004, the Petitioner submitted an inmate request to M. Weaver ("Weaver"), who is a Case Manager at FCI-Waseca, asking the Bureau of Prisons ("BOP") to recalculate his jail-time credit. His request was based upon the assertion that the BOP Regulation, see 28 C.F.R. §523.20, which details the computation of jail-

time credit, violates the express language of Title 18 U.S.C. §3624. Weaver denied the Petitioner's request on May 28, 2004, and stated that his jail-time credit had been computed as outlined in Program Statement 5880.28, which is consistent with 28 C.F.R. §523.20. Prior to the filing of his Petition, the Petitioner had not appealed Weaver's denial of his inmate request, nor had he sought relief within the BOP's administrative process.

The Respondent moved to dismiss the Petition for failure to exhaust his administrative remedies. On November 23, 2004, we issued a Report and Recommendation, in which we recommended that the Motion to Dismiss be denied, on the grounds that the exhaustion of administrative remedies, in the Petitioner's case, would be futile, but we allowed the Respondent to address the merits of the Petition. See, Docket No. 8. The District Court of Minnesota, the Honorable Richard H. Kyle presiding, adopted our Report and Recommendation, in an Order dated December 20, 2004. See, Docket No. 9. Thereafter, the Respondent submitted a second Response, and we turn to the merits of the issues raised.

## III. Discussion

The Petitioner argues that the BOP's method of computing jail-time credit, under 28 C.F.R. §523.20, violates the statutory directive of Title 18 U.S.C. §3624(b).

Section 3624(b) provides as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. * * * Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

In order to assist in the administration of that statute, the BOP promulgated 28 C.F.R. §523.20, which provides as follows:

> Pursuant to 18 U.S.C. 3624(b), * * * an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

In addition, the BOP has promulgated Program Statement 5880.28, which prescribes the formula by which the BOP calculates jail credit.

Under both the Regulation, and the Program Statement, jail-time credit is calculated based on the actual time a prisoner has served, rather than the entire length of his sentence. As a result, instead of simply multiplying the number of years in a

prisoner's sentence by fifty-four (54), so as to determine the number of days of jail-time credit a prisoner is entitled to receive, the BOP's formula only grants prisoners jail-time credit for the actual time that they are incarcerated. Under the BOP's formula, a prisoner will not receive jail-time credit for those portions of his sentence that he does not actually serve.

The Petitioner contends that the BOP's Regulation, and the Program Statement, violate the unambiguous language of Section 3624(b), which requires the BOP to grant Federal prisoners jail-time credit in the amount of "54 days at the end of each year of the prisoner's term of imprisonment." Title 18 U.S.C. §3624(b). Specifically, the Petitioner argues that the computation of jail-time credit, based upon actual "time served," is inconsistent with the statutory language -- "term of imprisonment." Further, the Petitioner asserts that, to the extent that the language is ambiguous, the rule of lenity requires that the statute be interpreted in a manner contrary to the BOP's interpretation.

In the face of a challenge to the interpretation of a statute by an Administrative Agency, a Court must determine: 1) whether the language of the statute is ambiguous; and, if so 2) whether the agency's interpretation of the statute is reasonable. See, Chevron USA Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 842-45

(1984). "[W]here Congress has enacted a law that does not answer the precise question at issue, all [a Court] must decide is whether the [agency] * * * has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design." Lopez v. Davis, 531 U.S. 230, 242 (2001)[internal quotations omitted]; see also, Zacher v. Tippy, 202 F.3d 1039, 1044 (8th Cir. 2000)(holding that a Court must defer to an agency's interpretation, "as long as it is a permissible construction of the statute").

Our Court of Appeals recently addressed the precise issue of whether the BOP's calculation of good-time credit, based on actual "time served," violates the "term of imprisonment" language contained in Title 18 U.S.C. §3624(b). In James v. Outlaw, 2005 WL 677769 (8th Cir., March 24, 2005), the Court held that Section 3624(b) is ambiguous, and that the BOP Regulation is entitled to deference, under Chevron, and is a reasonable interpretation of the Statute. Numerous other Courts have reached similar conclusions. See, Whitfield v. Hollinsworth, 2004 WL 3049763 at *2 (D. Minn., December 30, 2004); see also, White v. Scibana, 390 F.3d 997 (7th Cir. 2004)("White II"), supra; Perez-Olivio v. Chavez, 394 F.3d 45, 51-52 (1st Cir. 2005); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002); Brown v. Hemingway, 53 Fed.Appx. 338, 2002 WL 31845147 (6th

Cir. December 16, 2002); Moore v. Bureau of Prisons, 2004 WL 2609589 at *1 (S.D.N.Y., November 17, 2004); Young v. Ashcroft, 2004 WL 2624724 at *1 (D. Or., November 16, 2004); Martinez v. Wendt, 2003 WL 22456808 at *1 (N.D. Tex., October 24, 2003), adopted, 2003 WL 22724755 (N.D. Tex., November 18, 2003); Pasciuti v. Drew, 2004 WL 1247813 at *1 (N.D.N.Y., June 2, 2004); Graves v. Bledsoe, 2004 WL 1941231 at *1 (W.D. Va. August 19, 2004). In all of those cases, the Courts have upheld the BOP's interpretation of Title 18 U.S.C. §3624(b), as reasonable under Chevron.

As far as the Court can tell, the Petitioner's interpretation of Section 3624(b) has been accepted in only three District Court decisions. See, White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004)("White I"), rev'd, 390 F.3d 997 (7th Cir. 2004) ("White II"); Williams v. Dewalt, 351 F. Supp.2d 412 (D. Md. 2004); Moreland v. Federal Bureau of Prisons, 2005 WL 757154 (S.D. Tex., April 1, 2005). The Court's holding, in White I, has been sharply criticized by other Courts, see Pasciuti v. Drew, supra at *5 ("[T]his Court disagrees with the White court's, and now Petitioner's analysis, as such reasoning focuses solely on the phrase 'term of imprisonment.'"); Graves v. Bledsoe, supra at *1 ("[The petitioner] suggests no rationale for this interpretation, instead directing this court to a Wisconsin case in which a judge was

persuaded by this rather dubious logic."), and the decision was subsequently reversed by the United States Court of Appeals for the Seventh Circuit. See, White II, supra at 1003. Courts have likewise rejected the reasoning in the other two decisions -- namely, Williams v. Dewalt and Moreland v. Federal Bureau of Prisons -- and have upheld the BOP Regulation. See, O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); Garcia v. Zenk, 2005 WL 950640 (E.D.N.Y., April 26, 2005); Germany v. Smith, 2005 WL 428585 at *1, n. 1 (M.D.Pa., February 23, 2005); Tash v. Zenk, 2005 WL 503938 (E.D.N.Y., February 15, 2005).

Consistent with the overwhelming majority of Federal Courts, including those within our District, we find the reasoning of White I, Williams, and Moreland, to be unconvincing, and we reject the conclusions drawn therein. The BOP's application of good-time credit, which is based on actual time served, is a reasonable interpretation of Section 3624(b). In construing the statutory provision, it can fairly be said that, if the statute is ambiguous, the result favors the BOP's interpretation, rather than that of the Petitioner. Specifically, in reading the phrase "term of imprisonment" in conjunction with the language "at the end of each year," Congress seems to have implied that a prisoner is not entitled to the fifty-four (54) days of good-time credit unless, and until, he serves the year of imprisonment for which the good-

time credit applies. To the extent that Congress has not made such a statement with specificity, the issue falls within a statutory gap, upon which we extend deference to the BOP's construction.

The BOP's interpretation of Title 18 U.S.C. §3624(b), as only allowing jail credit for actual time served, is reasonable. As explained by the Court in Graves:

> Under [the Petitioner's] interpretation, an inmate serving a ten-year sentence would be credited with 540 days of [jail-time credit] even though, due to the [jail-time credit], the inmate would not serve the entire ten-year sentence. Therefore, the inmate would receive [jail-time credit] for time in advance of the year for which the [jail-time credit] was to be earned. Essentially, during his ninth year of incarceration, the BOP would have to grant the inmate 54 days of [jail-time credit] for his tenth year of imprisonment, even though he would not serve any of his tenth year of imprisonment. Logically, this conflicts with the statute's plain language, which requires the BOP to credit the inmate only "at the end of each year." 18 U.S.C. §3624(b)(1). Such an interpretation is not consistent with the plain language of the statute. Therefore, an ambiguity is apparent in the statute.
>
> Under the BOP's interpretation, an inmate serving a ten-year sentence would receive approximately 470 days of [jail-time credit]. The inmate would receive [jail-time credit] in blocks of 54 days at the end of each year in which he was actually

> incarcerated. He would then receive a prorated [jail-time credit] award for the portion of his final ninth, year that he actually served.

Graves v. Bledsoe, supra at *1-2.

The contention advanced by the Petitioner is that the BOP's application of jail-time credit, under 28 C.F.R. §523.20, violates the express language of Title 18 U.S.C. §3624(b). Since we find the Petitioner's argument to be without merit, we recommend that his Petition be dismissed.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be dismissed.

Dated: May 10, 2005

s/Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May**

**27, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 27, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.